## JOHN B. GEARY

*v.*

## PAUL BANGS.

| 138 | 77 |
| 97a | ³367 |

*Filed at Ottawa May 13, 1891.*

1. FORMER ADJUDICATION—*dismissal of bill for mechanic's lien—action at law.* A decree dismissing a bill for a mechanic's lien without it appearing on what grounds, is no bar to an action at law to recover for the same work and labor done in and about the construction of a building. Matters in bar of the right to enforce a lien are not necessarily in bar of a right to recover for services at law.

2. PRACTICE—*motion to take case from jury—effect.* A motion to take a case from the jury at the close of the plaintiff's evidence is in the nature of a demurrer to the evidence, and by it the defendant admits that the plaintiff's evidence is true, and that all the facts which it fairly tends to prove are established.

3. SAME—*pleading after demurrer or motion overruled—effect.* By pleading to the merits to a count after demurrer thereto is overruled, the defendant waives and abandons his demurrer and admits the sufficiency of the count, and can not assign for error the decision of the court upon the demurrer.

4. The defendant, by introducing evidence on his part after the overruling of his motion to take the case from the jury, and thereby controverting the case made by the plaintiff, waives and abandons his motion, and can not assign the decision of the court thereon for error.

5. SAME—*failure to move to set aside verdict—admission of sufficiency of evidence.* The failure of a defendant to move to set the verdict aside and award a new trial must be regarded, when the record is reviewed on appeal or error, as tantamount to an admission of the sufficiency of the evidence, and a general verdict must stand under both the special and common counts.

APPEAL from the Appellate Court for the First District;—
heard in that court on appeal from the Superior Court of Cook
county; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Mr. W. S. HEFFERAN, and Mr. JOHN R. GEARY, for the ap-
pellant:

The plaintiff declared upon the common counts, and also
upon a special count setting up the contract. The cases of
*Phelps* v. *Hubbard,* 59 Ill. 79, and *Walker* v. *Brown,* 28 id. 378,
seem to settle beyond controversy that no recovery can be had
under the common counts.

The agreement of the parties was an entire contract, and
no recovery could be had on such contract without proving
full performance, or prevention by the act of the other party.
*Badgley* v. *Heald,* 4 Gilm. 64; *Swanzey* v. *Moore,* 22 Ill. 63;
*Hansell* v. *Erickson,* 28 id. 257; *Payne* v. *Thrift,* 71 id. 408.

In order to justify the abandonment of a contract, and the
proper remedy growing out of it, the failure of the opposite
party must be a total one. The object of the contract must
have been defeated or rendered unattainable by his miscon-
duct or default. For partial dereliction and non-compliance
in matters not necessarily of first importance to the accom-
plishment of the object of the contract, the injured party must
seek his remedy upon the stipulations of the contract itself.
*Selby* v. *Hutchinson,* 4 Gilm. 319; *Doggett* v. *Brown,* 28 Ill.
493; *Weintz* v. *Hafner,* 78 id. 28; Chitty on Contracts, par.
741.

If Bangs was injured in any way by failing to receive the
$200 due on the second installment, he had his recourse in a
suit for damages on the contract. *Palm* v. *Railroad Co.* 18
Ill. 217.

If a person should contract to build a house or to construct
a ditch or a fence upon the land of another, and should pro-
ceed to perform the work in part, and afterward neglect or
refuse to build the balance according to the terms of the agree-

ment, this would be a case where it would be impracticable for the employer to abandon, and he might properly appropriate, the work so far as progressed without being subject to an action upon a *quantum meruit*. *Eldridge* v. *Rowe*, 2 Gilm. 91.

Mr. LYMAN M. PAYNE, for the appellee:

Whether the special count is good or bad makes no difference, since appellant did not stand by his demurrer. *Camp* v. *Small*, 44 Ill. 37.

By filing his plea *puis darrien* continuance, appellant admitted appellee's cause of action, and assumed the burden of proving that such cause of action is barred by the dismissal of the petition for a mechanic's lien. *Mount* v. *Scholes*, 120 Ill. 394.

The motion to exclude was in the nature of a demurrer to the evidence, and admitted all that the evidence tended to prove. *Pennsylvania Co.* v. *Conlan*, 101 Ill. 93.

Even if the evidence is not sufficient to authorize the judgment, it can not be disturbed except on motion for a new trial. *Reichwald* v. *Gaylord*, 73 Ill. 503 ; *James* v. *Dexter*, 113 id. 654.

Appellant insists that the contract is entire, and cites the old cases holding that a contract to work six months at $8 per month is entire, and means the same as a contract to work six for $48, but forgets to quote that portion of *Hansell* v. *Erickson*, 28 Ill. 257, "nor is there any testimony to the point that the defendant had agreed to pay him monthly." "A contract to perform a given duty for a given sum, to be paid for in installments as the performance progressed, would be severable so far as the right to recover the several installments is concerned." Mechem on Agency, sec. 634.

When suit is brought upon a general *indebitatus assumpsit* for work and labor, the defendant may show a special contract, and defeat a recovery, unless plaintiff shows performance, or that he has performed part and the balance has been waived or prevented by the other party. *Holmes* v. *Stummel*, 24 Ill. 370.

When a contract for services requires payment to be made at intervals, failure to pay at the stipulated time, when such failure compels the other party to abandon the work, entitles the contractor to recover *pro tanto* at the contract price. *Dobbins* v. *Higgins*, 78 Ill. 440; *Richards* v. *Shaw*, 67 id. 222; *Hime* v. *Klasey*, 9 Ill. App. 166; Mechem on Agency, sec. 634.

It makes no difference in this case whether appellee was justified in leaving the building unfinished or not. The second payment was due by the terms of the contract, and if appellant has suffered nothing by appellee's failure to finish the building, then he has never had the slightest defense to this action. This contract is not entire. The contract price was payable in three installments. At the different stages in the erection of the building a cause of action accrued for the money due. *Dulaney* v. *Payne*, 101 Ill. 325.

Mr. Justice Bailey delivered the opinion of the Court:

This was a suit in assumpsit, brought by Paul Bangs against John B. Geary, to recover a balance claimed to be due from the defendant to the plaintiff for work and labor performed and materials furnished by the plaintiff in the erection of a building for the defendant. The declaration consists of the *indebitatus assumpsit* counts and also a count alleging a special agreement in writing between the plaintiff and defendant, dated June 12, 1888, by which the plaintiff agreed to do all the carpenter work and furnish all the lumber and mill-work necessary on said building, and also the roof, cornices and gutters of said building, in accordance with the plans and specifications of the architect, the work to be completed within sixty days of the date of the contract, the defendant agreeing to pay the plaintiff therefor the sum of $1240 as the work progressed, to-wit, $400 when the building should be under roof, $400 when it should be ready for plastering, and $440 when it should be finished. Said count alleges that, immediately after the execution of said contract, the plaintiff proceeded to

perform the labor and furnish the materials in said contract mentioned, and that on August 1, 1888, he had so far completed said building that it was ready for plastering, whereupon he demanded of the defendant the sum of $400 then due by the terms of said contract, which the defendant refused to pay, whereby the plaintiff, for want of means, was compelled to abandon and did abandon the further performance of said contract; that said building so as aforesaid ready for plastering was then and there accepted by the defendant and appropriated to his own use and benefit, by means whereof he became liable to pay the plaintiff said sum of $400 when afterwards requested.

The defendant pleaded *non assumpsit* and various other pleas in bar to the common counts and demurred to the special count, and his demurrer being overruled, his pleas previously filed to the other counts were, by order of the court, extended and made to apply to the special count. Among the special pleas filed was one setting up, by way of estoppel, the pleadings, proceedings and decree in a suit brought by the plaintiff against the defendant for the enforcement of a mechanic's lien upon said building, the petition setting up and being based upon the same indebtedness for which this suit is brought, it being alleged that in said mechanic's lien suit a decree was rendered in favor of the plaintiff establishing said lien, but that upon appeal to the Appellate Court, said decree was reversed and said cause remanded to the court below with directions to dismiss the petition at the costs of the plaintiff.

Issues of fact were joined upon all of said pleas, and a trial being had before the court and a jury, the defendant, at the close of the plaintiff's evidence, entered his motion to take the case from the jury, which motion being overruled, an exception to said ruling was duly preserved by the defendant. The defendant thereupon proceeded to introduce testimony on his part, and the jury, having heard the evidence on both sides, rendered their verdict by which they found the issues for the

6—138 ILL.

plaintiff and assessed his damages at $260.40, and for that
sum and costs the plaintiff had judgment.   On appeal to the
Appellate Court said judgment was affirmed, and the judges
of that court having granted the defendant a certificate that
the cause involves questions of such importance on account
of principal and collateral interests that it should be passed
upon by this court the record is now brought here by a further
appeal.

The evidence tends to show, and it seems to be conceded,
that immediately after the execution of the contract described
in the special count of the declaration, the plaintiff entered
upon the work therein provided for, and that when the build-
ing was under roof, he called for and received the first pay-
ment of $400.   Also that some days afterward he called upon
the defendant for the second payment, claiming that the build-
ing was ready for plastering; that the defendant paid him
$200 of the second installment, but declined to pay the resi-
due, on the ground that the building was not ready for plas-
tering, and that in consequence of the refusal of the defendant
to pay the remaining $200, the plaintiff abandoned the fur-
ther prosecution of the work, and afterward brought this suit
to recover that sum together with compensation for certain
extra work which he claims to have done.

It is urged that the trial court erred in overruling the de-
murrer to the special count of the declaration.   It is sufficient
to say that by pleading to the merits after the demurrer was
overruled, the defendant waived and abandoned his demurrer
and admitted the sufficiency of the declaration, and that he is
therefore precluded from assigning for error the decision of the
court upon the demurrer.  *I. & St. L. R. R. Co. v. Morgenstern,*
106 Ill. 216; *Quincy Coal Co.* v. *Hood,* 77 id. 68; *American
Express Co.* v. *Pinckney,* 29 id. 392.

It is also urged that the court erred in denying the defend-
ant's motion to take the case from the jury at the close of
the plaintiff's evidence.   That motion was in the nature of a

demurrer to the evidence, and by it the defendant admitted that the plaintiff's evidence was true, and that all the facts which it fairly tended to prove were established. Instead of abiding by the demurrer and adhering to the admissions thereby made, he elected to controvert the case made by the plaintiff's evidence and proceeded to introduce on his own behalf evidence tending to disprove and rebut that given by the plaintiff. By so doing, as we held in *J. A. & N. Ry. Co.* v. *Velie,* 140 Ill. 59, he waived and abandoned his motion to take the case from the jury, and can not now assign the decision of that motion for error.

The next point made is, that the special plea setting up the proceedings and final judgment in the mechanic's lien suit presented a complete defense to the action in this case. The plaintiff's right to a mechanic's lien depended upon principles essentially different from those upon which his right to recover for his work and labor performed and materials furnished in an action of assumpsit are based. To maintain his lien he was required to allege and prove a case within the provisions of the Mechanics' Lien Law, and it is therefore apparent that he was liable to be defeated in that proceeding upon various grounds which would have no bearing upon his right to recover in assumpsit. Neither the plea nor the evidence offered under it indicated the precise ground upon which the mechanic's lien was denied, but only the general fact that the proceeding resulted in a final judgment denying the plaintiff his lien. We are therefore unable to see how the facts thus presented can be held to amount to a defense of *res judicata* or estoppel.

The point, however, which is specially pressed upon our attention, and which counsel for the appellant say in their brief is the only one which they desire this court to decide, as stated by them is, "whether, under the contract in this case, the failure to pay money as the work progressed, was such an act or omission on the part of Geary as would authorize

Bangs to abandon the contract and recover for work done up to the time of such abandonment." However interesting or important this question may be to the parties, an examination of the record before us is sufficient to show, that if presented at all, it is presented as a mere question of fact, and that it is therefore a question in respect to which the judgment of the Appellate Court is conclusive upon us.

The trial was before a jury, yet, so far as is shown by the bill of exceptions, no instructions to the jury were asked or given, and no motion was made for a new trial. The defendant having thus failed to challenge the sufficiency of the evidence, or in any manner to raise upon the record the question above indicated as a question of law, that question is not and can not be presented for our consideration. No instructions as to the law having been given to the jury, the propriety of their verdict can be challenged only upon the ground of the insufficiency of the evidence to support it, and that is a mere question of fact. The failure of the defendant to move to have the verdict set aside and a new trial awarded must be regarded, when the record is reviewed on appeal, as tantamount to an admission of the sufficiency of the evidence. The declaration containing, as it does, in addition to the special count setting up the written contract, the *indebitatus assumpsit* counts for work, labor and services rendered and for goods, wares and merchandise sold and delivered, the evidence given on behalf of the plaintiff clearly tends to support those counts, whatever may be said as to the evidence applicable to the special count. Under these circumstances a general verdict must stand, at least so long as the sufficiency of the evidence is not challenged by motion for a new trial.

The record before us affords no evidence of any errors committed by the trial court, and the judgment of the Appellate Court affirming the judgment of the trial court will be affirmed.

*Judgment affirmed.*