BLUFFTON ARTIFICIAL ICE COMPANY *v.* RICHARDSON.

[No. 3,088. Filed May 17, 1900. Rehearing denied June 29, 1900.]

APPEAL AND ERROR.—*Excessive Damages.*—An assignment in a motion for a new trial in an action for damages for a breach of contract that the damages assessed were excessive presents no question, since the question of excessive damages can arise only in actions *ex delicto.*

From the Adams Circuit Court. *Reversed.*

*A. L. Sharpe* and *C. E. Sturgis,* for appellant.

*G. W. Stults, L. Mock, J. Mock, France & Merryman* and *T. B. Dickens,* for appellee.

ROBINSON, J.—Suit by appellee for damages for alleged breach of a contract. Special finding of facts, with conclusion of law and judgment in appellee's favor for $195.67. Appellant excepted to the conclusion of law and moved for a new trial.

The special findings are sustained by the evidence, and in this particular we can not disturb the trial court's conclusion. The conclusion of law was correctly stated in appellee's favor if the amount named therein is right.

By the contract sued on the appellant agreed to furnish and appellee to take a certain quantity of ice at an agreed price during a certain period. Upon appellant's failure to furnish the ice as agreed appellee was compelled to and did purchase ice elsewhere at various times in order to supply his customers. The damages allowed appellee consist of the increased price he was compelled to pay, as he purchased ice from time to time, over and above the contract price with appellant and certain necessary expenses, all together being the actual increased cost of ice purchased from time to time by appellee from other parties, and which, under the contract, should have been furnished by appellant. The damages, as shown by the findings,

are thus limited. It is not found as a fact that appellee sustained any loss by reason of the difference in the quality of the ice, nor is it found as a fact that anything is due him as interest. The findings show appellee owed appellant a balance of $26.35 on ice purchased from appellant.

In order to question the assessment of damages a party must assign as a cause for a new trial the specific reason that the amount awarded is erroneous. The fourth reason for a new trial is that the damages assessed by the court are excessive. This presents no question, as the action is *ex contractu*, and the question of excessive damages can arise only in actions *ex delicto*. §568 Burns 1894, §559 Horner 1897; *White* v. *McGrew*, 129 Ind. 83; *Louisville, etc., R. Co.* v. *Renicker*, 17 Ind. App. 619; *Smith* v. *Barber*, 153 Ind. 322.

The aggregate of the amounts stated in the several findings is $188.67; less $26.35 is $162.32, for which judgment should have been rendered.

Judgment reversed, with instructions to restate the conclusion of law.