PRUDEN ET AL. *v.* BOARD OF COMMISSIONERS OF
JACKSON COUNTY.

156 325
156 167

[No. 18,710. Filed Oct. 24, 1900. Rehearing denied March 12, 1901.]

HIGHWAYS. — *Improvement:— Petition.— Consolidation by · Board.— Appeal and Error.—*A petition was filed by appellants for the improvement of certain roads, under the provision of the act of 1893 as amended by the act of 1895 (Acts 1895, p. 143). Thereafter a second petition was filed for the improvement of the same roads, together with other roads. The board of commissioners, on their own motion, ordered the two proceedings consolidated. Appellants asked that the improvement of the roads mentioned in their petition be submitted so that the voters could vote for or against the improvement of said roads as a unit, but did not object to the order consolidating the two proceedings. *Held,* that the action of the board amounted to a denial of appellants' petition from which appellants had the right to appeal, without objecting to the order of the board consolidating the two proceedings, and that such consolidation was unauthorized and illegal. *pp. 326-329.*

SAME.—*Improvement.— Petition.— Amendment.—*Amendments to a petition for the improvement of a highway can only be made by the petitioners by permission of the board of commissioners. *p. 329.*

APPEAL AND ERROR.—*Dismissal.—Suggestions in Brief.—*Appellants appealed from the action of the board of commissioners in consolidating their petition for the improvement of certain roads with another petition, which included the roads petitioned for by appellants,

and submitting same to the voters of the township as a unit. Appellees suggested in their brief that the election was ordered, and that a majority of the votes were cast for the building of the roads, and that the board of commissioners were proceeding with the construction of the roads, consequently, there was no merit in the appeal. *Held*, that no question concerning the effect of such facts on the appeal is presented by a mere suggestion in a brief. *pp. 329, 330*.

From the Jackson Circuit Court. *Reversed.*

*O. H. Montgomery*, for appellants.

*D. A. Kochenour, W. H. H. Miller, J. B. Elam, J. W. Fessler* and *S. D. Miller*, for appellee.

MONKS, J.—It appears from the record that appellants and 100 others, freeholders, citizens of Hamilton township, in Jackson county, Indiana, filed a petition before the board of commissioners of said county at their December term, 1897, for the improvement of certain roads in said township described in the petition, under the provisions of the act of 1893 (Acts 1893, pp. 196-200) as amended by the act of 1895 (Acts 1895, pp. 143-148), being §§6924-6934 Burns 1984, §§6924, 6925, 6928, 6929, 6930, 6933 Burns Supp. 1897, §§5114ccc-5114mmm Horner 1897. At the said December term of said board of commissioners Sewell and others, sixty freeholders, citizens of said township, also filed a petition for the improvement of the same roads described in the petition signed by appellants, and also other roads in said township. The petition of Sewell and others was signed by two persons who were signers of the other petition, and the petition of Sewell and others asked the improvement of roads the length of which was about twenty miles more than the roads described in the other petition. The board of commissioners on their own motion ordered the two proceedings consolidated, and made a finding that each complied with the requirements of the statute and was signed by more than fifty freeholders, citizens of the said township, and appointed an engineer and viewers to perform the duties required by said act and the amendments thereof as to the roads described, and report at the March term,

1898, of said board.   At the said March term, 1898, the
engineer and viewers made a report of their proceedings to
said board of commissioners, which covered the roads set
forth in the petition of Sewell and others, about forty-one
miles in length.   Appellants asked that the board of com-
missioners order that the question of the improvement of
the roads described in their petition be submitted so that
the voters of the township could vote for or against the im-
provement of said roads as a unit.   This the board refused,
and made an order which provided in substance, among
other things, that the question of the construction and im-
provement of the roads described in the petition of Sewell
and others be submitted to the voters of said township, and
that an election be held on April 30, 1898, for that purpose.
Appellants appealed from this judgment to the court below,
when the cause was tried by the court and finding made and
judgment rendered against appellants.   Appellants filed a
motion for a new trial, which was overruled by the court.
The only error assigned calls in question the action of the
court in overruling the motion for a new trial.

The causes assigned for a new trial are "that the decision
of the court is contrary to law" and "that the decision of the
court is not sustained by sufficient evidence."

The finding of the court was clearly contrary to law.
Every fact necessary to entitle appellants to have the ques-
tion of the improvement of the roads described in their peti-
tion submitted to the voters of said township was clearly
shown by the evidence without any conflict.

It is insisted, however, that the judgment of the board of
commissioners appealed from was only an interlocutory
order, and not a final judgment, and that appellants had no
right to appeal therefrom, and the appeal should have been
dismissed by the trial court for that reason, and that there-
fore appellants cannot complain of the finding and judgment
of the trial court, which, if erroneous, was harmless, because
a correct result was reached.   And, further, that the board

had the right to treat the two petitions as one proceeding, and that when an election was ordered as to the roads described in the petition of Sewell and others, as it included the roads described in appellants' petition, the order gave them all they were entitled to, and they cannot therefore complain of the result in the trial court. Section 2 of the acts of 1895 (Acts 1895, pp. 145, 146), being §6925 Burns Supp. 1897, §5114ddd Horner 1897, provides that "If the said petitioners desire to have improved more than one road or part of road which are disconnected, it shall be lawful for them to include descriptions of all of said roads or parts or roads in one and the same petition, and all of said roads and parts of said roads shall be voted upon as a unit. If two or more petitions are pending at the same time they shall be voted upon at the same election. The ballots for each petition shall clearly designate the road for which the voter intends to vote". Under said section it was the duty of the board of commissioners to submit the question of improving the roads described in each petition so that each voter could vote on each petition. Under such an order each voter could have voted for or against both petitions, or in favor of one and against the other. As the order was made by the board, a voter could only vote for or against the improvement of the roads described in the petition of Sewell and others, about forty-one miles in length, as a unit. The question of improving the roads described in appellants' petition was not therefore submitted to the voters of said township at said election, and they could not, as they were entitled to do, vote on the roads described in that petition as a unit, as provided in §6925 (5114ddd), *supra.* Said order of the board was in effect, therefore, a denial and rejection of appellants' petition, and a final judgment against them thereon. Said proceeding on their petition was at an end and was no longer pending before the board. The special election called was not on their petition, but on the petition of Sewell and others. If the order of the board had

submitted both petitions so that the voters could have voted on each at the same election the law would have been complied with. Whether such an order would have been an interlocutory order, or a final judgment which could be appealed from by any one, we need not and do not decide. Appellants did not need to object to the order of the board consolidating the two proceedings, as that order did not injure them. If the order for the election had provided for a vote on their petition they would have had no cause for complaint. Said order of consolidation did not, as contended by counsel for appellee, amount to an amendment of petition of appellants, and this court did not so hold in *Board, etc., v. Harrell*, 147 Ind. 500. It is true that §10 of the gravel-road law in question, being §6933 Burns Supp. 1897, §5114lll Horner 1897, gives the board of commissioners power to permit amendments of the petition to be made, a power which the board would have had, perhaps, without that provision, but the board is not authorized thereby to amend the petition. Amendments can only be made by the petitioners by permission of the board.

It is suggested by counsel for appellee that the special election ordered by the board was held at the time fixed, and that a majority of the votes cast were for the building of the roads described in the petition of Sewell and others, which included all the roads described in appellants' petition, and that the board of commissioners are proceeding with the construction of said roads, and that therefore there is no merit in the appeal. No question concerning the effect of such facts on the appeal is presented by a mere suggestion or statement in appellee's brief. There is a proper and legal way to present such facts to this court, and only when they are presented in that manner can this court determine their effect, if any, on the appeal.

No pleading was filed, nor was any evidence given at the trial in the court below concerning said election, or that the result was as suggested, and we are not called upon to decide,

therefore, whether or not such facts, if proved, would have sustained the finding of the court below against appellants.

Judgment reversed, with instructions to sustain appellants' motion for a new trial, and for further proceedings not inconsistent with this opinion.