## City of Greenfield *v.* Johnson.

[No. 4,081. Filed November 25, 1902.]

Pleading.—*Demurrer.—Action Against City for Care of Smallpox Patient.*—A complaint in the usual form against a city to recover for services rendered in nursing a smallpox patient is not bad as against demurrer for want of facts because of its failure to charge that authority was given by resolution or ordinance to employ the nurse. *pp. 128, 129.*

Appeal and Error.—*Brief.—Failure to Discuss.—Waiver.*—Failure to discuss errors assigned is a waiver of such errors. *p. 129.*

Same.—*Evidence Not All in Record.*—The court will not consider questions which are determinable alone from the evidence unless the record affirmatively shows that the evidence is all brought up. *pp. 129, 130.*

Same.—*Bill of Exceptions.*—Although the bill of exceptions states that it contains all of the evidence, if it shows upon its face that it does not, the court will not consider any question which depends for its proper decision upon the evidence. *p. 130.*

Same.—*Trial.—Directing Verdict.*—Alleged error in refusing to direct a verdict for defendant is waived by defendant introducing evidence in its own behalf after the court's ruling on the motion. *p. 130.*

Same.—*Instructions.—Exceptions.*—Instructions given on the court's own motion, and excepted to, will not be considered on appeal when it is not disclosed which party reserved the exceptions. *pp. 130, 131.*

Same.—*Joint Assignment of Errors.—Instructions.*—A joint assignment of error questioning, in a motion for a new trial, the correctness of two instructions is not available unless both instructions are bad. *p. 131.*

Same.—*New Trial.—Excessive Damages.*—The question of excessive damages can only arise in actions *ex delicto,* and a motion for a new trial on account of excessive damages in an action on a contract presents no question. *p. 131.*

From Hancock Circuit Court; *E. W. Felt,* Judge.

Action by Mary E. Johnson against the city of Greenfield for services rendered in nursing a smallpox patient.

From a judgment for plaintiff, defendant appeals. *Affirmed.*

*U. S. Jackson, J. F. Egan* and *R. L. Mason,* for appellant.

*Robert Williamson, Ephraim Marsh* and *W. W. Cook,* for appellee.

WILEY, J.—Appellee sued appellant upon an open account for services rendered. A demurrer to the complaint was overruled. Answer in two paragraphs, to the second of which a demurrer was sustained. Upon the issue joined by the general denial the cause proceeded to trial before a jury. At the conclusion of the appellee's evidence, appellant filed a written motion that the court instruct the jury to return a verdict in its favor. This motion was overruled. Appellant then introduced its evidence, the court instructed the jury, and a verdict was returned for appellee. Appellant's motion for a new trial was overruled. All the rulings adverse to appellant are assigned as error. The complaint is as follows: "The plaintiff complains of the defendant and says, that said defendant is indebted to said plaintiff in the sum of $500 for services as nurse rendered by said plaintiff at the request of said defendant. A bill of particulars of which is filed herewith, marked exhibit A, and made a part of this complaint, which said sum is just, due, and unpaid." Prayer for judgment.

The bill of particulars is as follows:

The City of Greenfield, to Mary E. Johnson, Dr.

| | |
|---|---:|
| To twenty-eight days and nights nursing smallpox patients at $15 per day..................... | $420 |
| To clothing destroyed by reason of being infected with said disease........................... | 20 |
| | $440 |

The demurrer to the complaint is in the following words: "Defendant demurs to plaintiff's complaint for the rea-

son that it fails to state a cause of action against it, as it is a municipal corporation and can only speak by resolution or ordinance." If it be conceded that the demurrer is a substantial compliance with subdivision five of §342 Burns 1901,—and as to this we do not express any opinion, —we think that it is not well taken. The complaint is in the usual and ordinary form recognized by the code and adhered to by the courts in a long line of decisions. As to appellant's authority to employ a nurse to care for a smallpox patient, in case of an emergency, and to prevent the spread of a contagious disease, it could have been properly presented upon the trial,—and which appellant sought to present by its second pararaph of answer,—but it is not properly presented by the demurrer. The complaint states a cause of action, and the demurrer was properly overruled.

Appellant has not availed itself of its right to have considered and decided the question of the alleged error of the ruling of the court in sustaining the demurrer to the second paragraph of answer, for the reason its counsel have failed to discuss it. It is the uniform rule in this State that a failure to discuss errors relied upon is a waiver of such errors. *Pruden* v. *Board, etc.,* 156 Ind. 325; *Wysor Land Co.* v. *Jones,* 24 Ind. App. 451; *Central, etc., R. Co.* v. *Jeffery,* 26 Ind. App. 143.

All other questions that are presented by the record arise under the motion for a new trial. The first and second reasons for a new trial are that the verdict is contrary to the law and evidence. Before the court will consider questions which are determinable alone from the evidence, the record must affirmatively show that the evidence given upon the trial is all brought up in the record. The record in this case affirmatively shows that much of the evidence given below is omitted from the transcript of the evidence. The record shows that the appellee offered, and, over appellant's objections, read in evidence a number of different entries

from the record of the common council of appellant city. To illustrate the state of the record as to all such evidence, we quote from the transcript: "Said page twenty-eight of the record number eleven, of the common council was thereupon admitted in evidence and read to the jury on behalf of plaintiff from page twenty-eight to page thirty-four, inclusive, being marked by the reporter, 'plaintiff's exhibit C,' and the same is made a part of the testimony in this cause." There are six of these entries, but the evidence referred to does not appear in the record. No effort has been made to bring it into the record. As this evidence is not in the bill, it is thus shown upon its face that there was evidence given which it does not contain. It has uniformly been held that although the bill states that it contains all the evidence, if it shows upon its face that it does not, the court will not consider any question which depends for its proper decision upon the evidence. *Jean* v. *State, ex rel.,* 25 Ind. App. 339, and cases there cited.

Appellant assigned as its fourth reason for a new trial the overruling of its motion to instruct the jury to return a verdict in its favor. If for no other reason, appellant has waived its right to have the ruling on such motion considered by introducing evidence in its own behalf after the court's ruling thereon. *Rhodius* v. *Johnson,* 24 Ind. App. 401; Elliott, App. Proc., §687; *Geary* v. *Bangs,* 138 Ill. 77, 27 N. E. 462; *Grand Trunk R. Co.* v. *Cummings,* 106 U. S. 700, 27 L. Ed. 266.

Appellant's fifth reason for a new trial is as follows: "That the court erred in giving of its own motion instructions numbered seven and eight to the jury." At the close of each of these instructions we find the following words: "Given and excepted to at the time. Edward W. Felt, judge. February 23, 1891." As all these instructions were given on the court's own motion, and as the record fails to disclose which party took or reserved exceptions, the question, attempted to be thus raised, will not be considered.

This precise question was decided adversely to appellant's contention in *Indiana, etc., R. Co. v. Bundy,* 152 Ind. 590.

But there is another reason why the assignment of error under this head is not available. The assignment questioning the correctness of the instructions is joint, and, unless both are bad, the error, if any, is not available. *Lautman v. Pepin,* 26 Ind. App. 427; *Pape v. Hartwig,* 23 Ind. App. 333; *Thomas v. Felt,* 21 Ind. App. 265; *Crawford v. State,* 155 Ind. 692; *Cincinnati, etc., R. Co. v. Cregor,* 150 Ind. 625.

The eighth instruction is as follows: "If you find from the evidence that Dr. Black, as such secretary, did not deem it necessary, in order to protect the public health, to have said smallpox patient so nursed and cared for, and that neither Dr. Black, nor any one authorized to bind the city in such contract for a nurse, employed the plaintiff for that purpose, then, in that event, you shall find for the defendant." This instruction not only states the law correctly, but is exceedingly favorable to appellant.

The question of excessive damages can only arise in actions *ex delicto,* and a motion for a new trial on account of excessive damages in an action on contract presents no question. *Smith v. Barber,* 153 Ind. 322; *Marvin v. Sager,* 145 Ind. 261; *Bluffton, etc., Ice Co. v. Richardson,* 25 Ind. App. 263.

Judgment affirmed.