# ILLINOIS SURETY COMPANY *v.* STATE OF INDIANA, EX REL. BRACKEN.

[No. 8,098. Filed November 26, 1913.]

1. PLEADING.—*Complaint.—Initial Attack on Appeal.*—The sufficiency of separate paragraphs of complaint cannot be questioned for the first time on appeal, but the question must be raised by demurrer and exception and be presented on appeal by assigning error on the ruling on such demurrer. p. 34.

2. TRIAL.—*Motion for Peremptory Instructions.—Waiver of Error.* —Defendant by offering evidence in his behalf and proceeding in the trial to verdict and judgment, after the overruling of a mo-

tion for peremptory instruction, waives the error, if any, in the overruling of such motion.   p. 35.

3.   APPEAL. — *Review.* — *Verdict.* — *Answers to Interrogatories.* — Where it appears from the record that an action for damages caused by the unlawful sale of liquor was submitted to the jury on two paragraphs of complaint, one of which proceeded on the theory that the license was issued to John S. and that the saloon was run by him and his agents, and the other alleged that the license was issued to James S. under the name of John S., answers by the jury to interrogatories showing that the license was issued to John S. and that he and James S. were separate individuals, are not in irreconcilable conflict with a general verdict for plaintiff.   pp. 35, 36.

4.   APPEAL.—*Questions Reviewable.—Motion for Judgment on Answers to Interrogatories.*—In considering a motion for judgment on the jury's answers to interrogatories the court on appeal looks only to the pleadings, the general verdict, and the interrogatories and answers thereto.   p. 36.

5.   TRIAL. — *Verdict.* — *Answers to Interrogatories.* — Answers that are contradictory nullify each other, and they are also unavailing unless the conflict between them and the general verdict is such that it cannot be explained or removed by any evidence admissible under the issues.   p. 36.

6.   APPEAL. — *Questions Reviewable.* — *Assignment of Errors.* — No question is presented for review on appeal by the assignment that the verdict is not sustained by sufficient evidence, or that it is contrary to law, but such questions should be presented as grounds for a new trial.   p. 36.

7.   INTOXICATING LIQUORS.—*Unlawful Sales.—Action for Damages.*—*Evidence.—Sufficiency.*—In an action on a retail liquor dealer's bond for damages caused by the unlawful sale of intoxicating liquor, evidence showing that a license was duly issued to defendant in 1908 for the place where the alleged sale was made, that defendant's brother had acted as manager of the saloon for defendant from June, 1908, to some time in 1909 subsequent to the alleged sale, together with the testimony of the bartender that he was employed by defendant and that defendant's brother managed the saloon for defendant, was sufficient to warrant the jury in finding that the saloon was run under the license issued to defendant and was being operated by his agents at the time of the alleged sale.   p. 36.

8.   APPEAL.—*Review.—Verdict.—Evidence.*—Where there is some evidence to support a verdict it is sufficient on appeal, since the court cannot weigh conflicting evidence.   p. 37.

From Superior Court of Marion County (82,229); *Charles J. Orbison,* Judge.

Action by the State of Indiana, on the relation of Caroline Bracken, against the Illinois Surety Company and others. From a judgment for relatrix, the defendant surety company appeals. *Affirmed.*

*Elmer Wetzel,* for appellant.

*Emsley W. Johnson, Orval E. Mehring* and *B. F. Watson,* for appellee.

FELT, J.—This is a suit by the State of Indiana on the relation of Caroline Bracken, against appellant to recover on the bond of a retail liquor dealer for damages caused by alleged illegal sales of intoxicating liquors to the minor son of the relatrix which resulted in his death.

From a judgment in favor of appellee, appellant has appealed and assigned as error that: "(1) The second paragraph of complaint does not state facts sufficient to constitute a cause of action against Illinois Surety Co. (2) The court erred in overruling appellant's motion for peremptory instructions to the jury to find for appellant at the conclusion of evidence of relatrix in the cause. (3) The verdict of the jury is not sustained by sufficient evidence. (4) The verdict of the jury is contrary to law. (5) The court erred in overruling appellant's motion for judgment in its favor on the answers of the jury to interrogatories, notwithstanding the general verdict. (6) The court erred in overruling appellant's motion for new trial."

The complaint was answered by separate general denials filed by appellant and James M. Scanlan. John V. Scanlan was named as defendant but was not served with process, and did not appear. The gist of the first paragraph of complaint is that on July 7, 1908, a retail liquor license was duly issued to John V. Scanlan by the board of county commissioners of Marion County, Indiana; that appellant was his surety on the statutory bond given to secure said license, which was to run for the term of one year from June

VOL. 55—3

24, 1908, and authorized the sale of intoxicating liquors in a certain building at the southwest corner of Kissel Avenue and 38th Street in the city of Indianapolis; that on June 5, 1909, said Scanlan was conducting a saloon and engaged in the sale of intoxicating liquors at said place "under and pursuant to authority granted him by said license"; that "defendant Scanlan, by himself and agents," sold on said date, repeatedly, to one Roy Bracken, intoxicating liquors, which were drunk by him and caused him to become intoxicated; that about eleven o'clock at night said Scanlan, and his agents then and there conducting said saloon for him, put said Bracken out of the saloon; that he was at the time so intoxicated as to be helpless and irresponsible; that soon thereafter, while in said condition, caused by the liquors so sold to him as aforesaid, he wandered onto the tracks of the Indiana Union Traction Company, about a quarter of a mile east of said saloon and was struck by a car and so injured that he died from the effects of his injuries on the following morning; that at the time of his death he was a minor seventeen years of age and the son of the relatrix; that she was a widow and he lived with her and was her only support; that he was strong and industrious and contributed $5 per week to her support. The bond was by exhibit made part of the complaint and was in the usual form of such instruments. The second paragraph of the complaint is substantially the same as the first, except it names as defendants, the appellant, John V. Scanlan and James M. Scanlan alias John V. Scanlan and avers that the license was issued to James M. Scanlan under the name of John V. Scanlan.

The first assignment of error seeks to question the sufficiency of the second paragraph of complaint for the first time in this court. Where there is more than one

1.  paragraph of complaint, the sufficiency of separate paragraphs cannot be questioned for the first time

on appeal. Such assignments must be predicated on the complaint as an entirety. To test the sufficiency of separate paragraphs the question must be raised by demurrer and exception to the ruling in the court below, and be presented on appeal by assigning as error the overruling of such demurrer. *Board, etc.* v. *Tichenor* (1891), 129 Ind. 562, 565, 29 N. E. 32; *Petrie* v. *Ludwig* (1907), 41 Ind. App. 310, 312, 83 N. E. 770; *Indianapolis St. R. Co.* v. *Bolin* (1907), 41 Ind. App. 266, 268, 78 N. E. 210, 83 N. E. 754; Ewbank's Manual §§284-286.

As to the second alleged error it is sufficient to note that the motion for a peremptory instruction was made by appellant at the close of plaintiff's evidence. The motion 2. was overruled and appellant thereupon offered evidence in its behalf and the trial proceeded to verdict and final judgment. By such further proceedings after the motion was overruled, the error, if any, in such ruling, was waived. *City of Greenfield* v. *Johnson* (1902), 30 Ind. App. 127, 130, 65 N. E. 542; Elliott, App. Proc. §687.

The jury, in addition to returning a general verdict, returned answers to interrogatories in substance as follows: That John V. Scanlan was not in reality James M. 3. Scanlan, under an alias, when said license was obtained in 1908; that John V. Scanlan did not in June, 1908, "in his own proper person make application for and receive a license to sell intoxicating liquors" at the place described in the complaint; that appellant, in July, 1908, executed a bond in the sum of $2,000 as surety for one John V. Scanlan, who had been granted a license to sell intoxicating liquors at the place aforesaid; that John V. and James M. Scanlan are brothers. Each defendant moved for judgment on the answers to the interrogatories notwithstanding the general verdict. It was shown that James M. Scanlan did not obtain the license or execute the bond in suit and as to him the motion was sustained. The motion

of appellant was overruled and judgment was rendered against it on the general verdict.

Appellant contends that the case was tried on the second paragraph of complaint only, and that the answers showing that the license was issued to John V. Scanlan and that he and James M. Scanlan were separate individuals, are in irreconcilable conflict with the general verdict. The record shows that the cause was submitted to the jury on both paragraphs of the complaint. The first paragraph proceeds on the theory that the license was issued to John V. Scanlan and that the saloon was run by him and his agents under said license when the liquor was sold to decedent as alleged.

In considering the motion for judgment on the answers of the jury to the interrogatories, we are to look only to the pleadings, the general verdict and the interrogatories and answers thereto. If the answers are contradictory, they nullify each other and have no effect. To avail the appellant, the conflict must be such, that it could not have been explained and removed by any evidence admissible under the issues. The answers are not in irreconcilable conflict with the general verdict, but are in harmony with a verdict on the first paragraph of complaint, which as already shown, was not withdrawn or abandoned. *Grass* v. *Fort Wayne, etc., Traction Co.* (1908), 42 Ind. App. 395, 400, 81 N. E. 574; *Inland Steel Co.* v. *Smith* (1906), 168 Ind. 245, 80 N. E. 538.

The third and fourth assignments present no question but the causes there alleged are grounds for new trial and appear in appellant's motion and are presented by the sixth assignment of error. Appellant contends that there is no evidence to show that the saloon was being operated by John V. Scanlan or his agents under the license issued in July, 1908, at the time of the alleged sales to decedent in June, 1909. The license and bond show that the license was duly issued to

John V. Scanlan for the place where the alleged sales were made. James M. Scanlan testified in substance, that since June, 1908, he had acted as manager of said saloon for John V. Scanlan until a time in 1909, subsequent to the alleged sales. Joe Gates, a bartender in the saloon at the time the alleged sales were made, testified that he was employed by John V. Scanlan and that James M. managed the saloon for John Scanlan; that he worked for John V. Scanlan in said saloon in 1908 and 1909 and that John came out to the saloon two or three times a week during part of the time. The evidence was sufficient to warrant the jury in finding that the saloon was run under the license issued to John V. Scanlan in 1908, and that it was operated by his agents at the time of the alleged sales to the decedent. Where

8. there is some evidence to support the verdict, it is sufficient, on appeal, for it is neither the duty nor right of this court to weigh conflicting evidence. There is no available error shown by the record. Judgment affirmed.

NOTE.—Reported in 103 N. E. 363. See, also, under (1) 31 Cyc. 720; (3) 38 Cyc. 1927-1929; (4) 38 Cyc. 1930; (5) 38 Cyc. 1926; (6) 29 Cyc. 747; (7) 23 Cyc. 324; (8) 3 Cyc. 348. As to liability of liquor seller and bondsmen under civil damage laws, see 48 Am. Dec. 625; 85 Am. St. 449.