BILSKIE v. BILSKIE ET AL.

[No. 9,707. Filed March 14, 1919.]

1. TRIAL.—*Motion for Judgment on the Evidence.*—Defendant's motion for judgment made at the conclusion of plaintiff's case in

chief is equivalent to a demurrer to the evidence, and is governed by the same rules. p. 601.

2.   TRIAL.—*Motion to Direct Verdict.—Waiver of Error.*—Error, if any, in the overruling of defendant's motion for judgment on the evidence at the close of plaintiff's case in chief is waived by defendant's subsequent introduction of evidence in his favor. p. 601.

3.   INFANTS.—*Rescission of Deed.—Return of Consideration.—Statute.*—Where an infant, on attaining majority, brought an action for rescission of a deed made in infancy and the complaint alleged no consideration, defendant was not entitled to judgment at the close of plaintiff's case in chief, because her evidence showed a consideration for the conveyance, and there was no evidence of an offer to repay, since §2979 Burns 1914, §2944 R. S. 1881, provides that the court in such a case shall decree the amount so found to be a lien against the land. p. 601.

4.   APPEAL.—*Review.—Evidence.—Conclusions of Trial Court.—Conclusiveness.*—The trial court, in reaching a conclusion, has a right to consider not only the facts which the evidence tends to establish, but also all reasonable inferences deducible therefrom, and on appeal a conclusion reached by the trial court must be accepted, although contrary inferences equally as reasonable might be drawn from the evidence. p. 603.

5.   INFANTS.—*Rescission of Deed.—Lien for Consideration Paid.—Evidence as to Amount.*—In an action to rescind a deed executed by plaintiff before attaining her majority, it was incumbent on defendant to furnish data from which the amount of any lien to which he was entitled under §3979 Burns 1914, §2944 R. S. 1881, for consideration for the conveyance paid by him to plaintiff could be determined. p. 604.

6.   APPEAL.—*Review.—Evidence.—Sufficiency.*—Where there is some evidence to sustain the material allegations of the complaint, it is sufficient on appeal. p. 605.

From Gibson Circuit Court; *Simon L. Vandeveer,* Judge.

Action by Eva J. Bilskie against Leo Bilskie and another. From the judgment rendered, the defendant named appeals.

*Harvey Harmon* and *Harry R. Lewis,* for appellant.
*L. A. Meyer, L. M. Wade* and *A. J. Padgett,* for appellees.

BATMAN, P. J.—Eva J. Bilskie brought this action against Leo Bilskie and John Bilskie to set aside a deed to forty acres of land, executed by herself and said John Bilskie to said Leo Bilskie. The original complaint consists of two paragraphs. The first alleges that said Eva J. Bilskie was the owner of a certain forty-acre tract of land in Knox county, Indiana; that on April 3, 1911, she signed a paper purporting to be a deed from John Bilskie to Leo Bilskie for said land, and other land of John Bilskie; that at the time of said conveyance she was the wife of John Bilskie and under the age of twenty-one years; that she received no consideration whatever for her said land, but did receive the sum of $80, which she believed was paid to her for the conveyance of her inchoate interest in the lands of her said husband; that she has since arrived at the full age of twenty-one years, and that after arriving at such age, and before the bringing of this action, she disaffirmed said deed by a written notice to said Leo Bilskie, demanded that he reconvey said land to her, tendered him a deed for such purpose, and offered to return to him the said sum of $80 upon the execution thereof; that said Leo Bilskie refused to reconvey said land to her; that she is ready to pay said sum, and now offers to pay the same, upon a judgment being rendered setting aside said deed, and restoring the title of said land to her.

The second paragraph of the complaint alleges that said Eva J. Bilskie was the owner of a certain forty acres of land in Knox county, Indiana; that on April 3, 1911, she was a person of weak mind, could not read or write, and had no knowledge of business; that by reason of such fact she was easily influenced by

others, and when under the influence of intoxicating liquors was wholly irrational and of unsound mind; that on said date the said Leo Bilskie procured her intoxication to such an extent that she was wholly incapacitated from understanding what she was doing, and by reason thereof was of unsound mind; that while she was in said condition said Leo Bilskie took advantage of her unsound mental state, and, with intent to cheat and defraud her out of her said land, induced her to sign a deed of conveyance to him therefor, together with certain land of her husband, John Bilskie; that she did not know or understand that she was conveying her said land to the said Leo Bilskie, or any other person, but believed she was only joining with her husband in conveying his own real estate; that she received no consideration for said conveyance; that subsequently, on February 11, 1915, while she was sober, and had sufficient mind for the transaction of business, she disaffirmed said deed, and demanded a reconveyance of her said land, which the said Leo refused to do. Prayer that said deed be set aside, and that her title to said real estate be quieted.

The appellees were subsequently substituted as plaintiffs, and filed a supplemental complaint, in which they alleged that after the commencement of this action Eva J. Bilskie departed this life intestate, leaving the appellees, other than Meyer, Wade and Padgett, as her sole heirs at law; that prior to her death she had conveyed to said Meyer, Wade and Padgett, an undivided one-half interest in the land described in her complaint; that by reason of such facts appellees had succeeded to all the right, title and interest of said Eva J. Bilskie in said land; and

that the matters and things set forth in the complaint filed in this action are true.

The defendant John Bilskie filed an answer disclaiming any interest in the subject-matter of the action. The defendant Leo Bilskie filed an answer in five paragraphs. In the first paragraph the said Leo Bilskie alleges that the said Eva J. Bilskie joined with her husband, John Bilskie, in the execution of a deed to him for the real estate described in the complaint, but that she had no interest therein, except her inchoate interest as the wife of said John Bilskie; that prior thereto, the said John Bilskie had executed to his said wife a pretended deed for said real estate, but that said deed was procured through fraud and coercion, and that no title to, or interest in, said real estate passed to her by reason of said pretended deed; that at the time Eva J. Bilskie and John Bilskie conveyed said real estate to him there was a mortgage thereon securing the sum of $400, and certain liens for assessments and taxes; that, when he accepted said deed for said real estate, he paid Eva J. Bilskie the sum of $200, and assumed and agreed to pay said liens; that said liens amounted to about $1,000 and that he subsequently paid the same. The second paragraph of answer is similar to the first, with additional allegations of facts to show fraud, coercion, and want of consideration. The third paragraph of answer alleges that Eva J. Bilskie became twenty-one years of age on January 18, 1913, but did not disaffirm the deed made by her, as set forth in the complaint, until more than two years thereafter, and that she did not commence this action until more than two years after she became twenty-one years of age. In the fourth paragraph of answer Leo Bilskie alleges that the said

John Bilskie conveyed the real estate described in the complaint to his wife, Eva J. Bilskie, by a deed in which he reserved a life estate in himself; that thereafter Eva J. Bilskie, together with her husband, John Bilskie, who was over the age of twenty-one years, conveyed said real estate to him by deed with covenants of warranty, whereby he obtained the entire title thereto; that he paid Eva J. Bilskie, as a consideration for her interest in said real estate, the sum of $200, and assumed the payment of all liens against the same, which included a mortgage amounting to more than $400; that thereafter he paid said mortgage indebtedness and certain assessments for levee and ditch construction and repairs amounting to $287.70, all of which were liens on said real estate; that, in the event the said deed from Eva J. and John Bilskie to him be set aside, the amount of the several sums so paid by him, together with interest thereon, should be decreed a first lien on the interest of said Eva J. Bilskie in said real estate. The fifth paragraph of answer is a general denial. The appellees filed a reply in general denial to each of said paragraphs of answer except the fifth.

The cause was submitted to the court for trial, resulting in a judgment setting aside the deed executed by Eva J. and John Bilskie to Leo Bilskie on April 3, 1911, as far as the same applied to the real estate described in the complaint, except in so far as said deed conveys to said Leo Bilskie the right of said John Bilskie to the rents and profits thereof during his life. It is also adjudged that appellees are the owners of said real estate, subject to the life estate of John Bilskie, which was conveyed to Leo Bilskie by said deed. The proportionate interest of each of

the appellees in said real estate was determined and their title quieted thereto. Appellant filed a motion for a new trial, which was overruled, and has assigned errors which require a consideration of the questions hereinafter determined.

The first question presented is based on an alleged error of the court in overruling appellant's motion for judgment in his favor, made at the conclusion of appellee's case in chief. This motion is equivalent to a demurrer to the evidence. *Curryer* v. *Oliver* (1901), 27 Ind. App. 424, 60 N. E. 364, 61 N. E. 593. A motion to direct a verdict is of a similar nature, and the rules relating to such demurrer and to such motions are substantially the same. 38 Cyc 1565; Elliott, App. Proc. §687. It is well settled that the right of a party to question the action of the court in overruling a motion to instruct the jury to return a verdict in his favor is waived, where such party introduces evidence in his behalf, after such motion is overruled. *Delphos Hoop Co.* v. *Smith* (1911), 176 Ind. 29, 95 N. E. 309; *Illinois Surety Co.* v. *State, ex rel.* (1913), 55 Ind. App. 31, 103 N. E. 363. The same rule is applicable where the trial is by the court, as in the instant case, and the defendant makes a motion for judgment in his favor on the evidence at the close of the plaintiff's case in chief.

But, disregarding any such waiver, it is clear that the court did not err in overruling appellant's motion. Appellant bases his contention in this regard on the fact that the evidence introduced by appellees in making their case in chief shows that Eva J. Bilskie received $200 in consideration for her conveyance of the forty-acre tract of land in ques-

tion, and that there is no evidence that she offered to
repay the same. If it be conceded that such evidence
establishes the facts stated, it would follow that the
court erred in overruling said motion.

Section 3979 Burns 1914, §2944 R. S. 1881, provides
as follows: "In all sales by an infant *feme covert* of
lands belonging to her, in which sale and conveyance
her husband has joined, he being of full age, said
infant shall not be permitted to disaffirm said sale
until she shall first restore to the person owning said
real estate the consideration she received for said
land: Provided, however, that if she will allege in
her complaint that she received no consideration for
said sale, an issue may be made upon such allegation;
and if, upon trial, the court or jury find that any con-
sideration was received by her, the court shall, in
the finding and decree, declare such amount so found
first lien against said land in favor of the defendant."

The first paragraph of the complaint alleges facts
which bring Eva J. Bilskie within the provisions of
this statute, and there was evidence tending to show
that she was entitled to the benefit thereof. It fol-
lows that appellant was not entitled to have his said
motion sustained, as said statute makes ample pro-
vision for the protection of his rights, by reason of
any consideration paid for such land, in any decree
which might be rendered against him.

Appellant contends that the court erred in overrul-
ing his motion for a new trial. He bases this conten-
tion on the grounds that the decision of the court is
not sustained by sufficient evidence, and is contrary
to law. The principal reason urged in support of
this contention is that the court failed to decree a
lien in his favor on the land in question, for the

amount which the evidence shows he paid as a consideration therefor. This amount consists of an alleged cash consideration of $200, which he claims he paid Eva J. Bilskie, and the sums expended by him in paying a certain indebtedness secured by a mortgage thereon, and certain levee and ditch assessment liens. Since there was a failure to decree such a lien in appellant's favor, it will be presumed that the court found that no facts had been proved that would justify a lien. The court, in reaching

4. its conclusion in that regard, had a right to consider, not only the facts which the evidence tended to establish, but also all reasonable inferences that might be drawn from them, and we must accept the conclusion reached by the trial court, although contrary inferences equally as reasonable may be drawn therefrom. *National Life Ins. Co.* v. *Headrick* (1916), 63 Ind. App. 54, 112 N. E. 559.

With this rule in mind we will direct our attention to the various items, which appellant claims the evidence shows he had paid as a consideration for said land, and for which he asserts a lien in his favor should have been decreed. The evidence relating to the $200 cash item, which he claims was paid Eva J. Bilskie at the time the deed in question was executed, is of such a character as to be susceptible of two inferences, one being that said sum, if paid, was not paid by appellant, but by his father, John Bilskie, the husband of Eva J. Bilskie, and the other being that said sum, if paid, was paid as a consideration for a conveyance, not only of the land in question, but also for her inchoate interest in the additional eighty acres conveyed by the same deed. If the first inference stated were drawn, it is clear that appellant is

not entitled to a lien for said sum on the forty-acre tract involved in this action. If the last inference stated were drawn, the evidence does not afford any means of ascertaining how much of said sum was paid for her inchoate interest in the said eighty-acre tract, and how much for the fee-simple interest in said forty-acre tract. Under such circumstances appellant cannot complain because the court fails to decree any portion of said sum to be a lien on said forty-acre tract, as appellant has failed to furnish the required data from which the amount of any such lien could be determined, and the court was not permitted to speculate in that regard. *Green* v. *Macy* (1905), 36 Ind. App. 560, 76 N. E. 264; *Connersville Wagon Co.* v. *McFarlan Carriage Co.* (1906), 166 Ind. 123, 76 N. E. 294, 3 L. R. A. (N. S.) 709; *Williams* v. *Pittsburgh, etc., R. Co.* (1918), 68 Ind. App. 93, 120 N. E. 46. As to the amounts paid in discharge of the indebtedness secured by mortgage on the land in question, and in payment of the levee and ditch assessments standing against the same, the evidence is of such a character as to permit an inference that the amount so paid was not paid in discharge of any liability of Eva J. Bilskie, but was paid in discharge of the liabilities of said John Bilskie, and as part of the consideration for the conveyance of said additional eighty acres. The record discloses that the deed by which the said John Bilskie conveyed the forty-acre tract in question to his wife, Eva J. Bilskie, is a warranty deed, in which the grantor reserved a life estate in himself. It does not show that the grantee assumed the payment of any liens on said real estate, or that she took the same subject thereto. There is no evidence of any agree-

ment to that effect, and hence any liens standing against said real estate at the time of such conveyance would constitute liabilities of John Bilskie. Under these circumstances the inference stated above would be a reasonable one, and, if drawn by the court, no error was committed in failing to decree a lien in appellant's favor for any of said amounts. An examination of the evidence with reference to the material allegations of the complaint discloses that there is some evidence tending to sustain the same. This is sufficient on appeal. *Shores-Mueller Co.* v. *Best* (1918), 66 Ind. App. 649, 118 N. E. 688. We conclude that the court did not err in overruling appellant's motion for a new trial.

We find no error in the record. Judgment affirmed.