MERRITT AND CO., a corporation of the State of Pennsylvania,
  vs. CALEB R. LAYTON.

*Contract—Definition—Work and Labor—Special Contract—Common Counts.*

1. A contract in legal contemplation is an agreement between two
or more persons upon sufficient consideration to do, or not to do, a particular thing.

2. As a general rule a party cannot recover upon a contract without
showing performance thereof on his part.

3. When it appears that what was done by the plaintiff, was done
under a special agreement, but not in the time and manner stipulated, yet
it was beneficial to the defendant, the plaintiff, though he cannot recover
upon the contract from which he departed, may recover upon a common
count for the reasonable value of the benefit to the defendant.

4. If the plaintiff declares on a special contract and does not prove
it, he cannot recover on it but he may recover on the *quantum meruit.*

5. In an action on a special contract for constructing a cellar, proof
of compliance with the terms of the contract entitles the plaintiff to recover
the full contract price; but if there was not such compliance, and the
plaintiff is entitled only to recover on a common count, the jury may, in
determining the reasonable value of the service rendered, consider the
compensation fixed by the contract in connection with the evidence as to
the benefits derived from the work done, if any.

6. When work under a special contract is done in a cellar, under the
dwelling of the defendant, who was, at the time, the owner and occupier,
his continued possession of the dwelling and use of the cellar will not necessarily amount to an acceptance of the work done.

Del cases cited: *Massey vs. Greenabaum Bros.,* 5 *Penn.* 20;
*Hurlock vs. Murphy and Coperthwaite,* 2 *Houst.* 550; *Porter vs.
Beltzhoover,* 2 *Harr.* 484.

(*February* 17, 1910.)

Judges BOYCE and CONRAD sitting.

*Robert G. Houston* for plaintiff.

*Charles W. Cullen* for defendant.

Superior Court, Sussex County, February Term, 1910.

ACTION OF ASSUMPSIT (No. 13, February Term 1909), to recover for material and services alleged to have been furnished and rendered in the construction of a cellar for the defendant, under a contract.

The facts appear in the charge of the Court.

BOYCE, J., charging the jury:

Gentlemen of the jury:—This action was brought by Merritt and Company against Caleb R. Layton to recover the sum of five hundred dollars, with interest from the thirty-first day of August, A. D. 1906, for materials and services alleged to have been furnished and rendered in the construction of a cellar for the defendant, under a contract, or agreement, entered into between the parties.

The plaintiff has declared on a special contract for the construction of said cellar, and also on a *quantum meruit* count.

It is not denied that the plaintiff furnished certain materials and performed certain work and labor in the construction of a cellar for the defendant, pursuant to the said contract or agreement, and that the same has not been paid for.

The plaintiff claims that it completed the cellar in full compliance with the terms of the contract, The defendant contends that the cellar is not "a perfectly water-proof cellar, two feet, six inches from the level of the cellar floor," which, it is claimed, the plaintiff had guaranteed to furnish.

A contract, in legal contemplation, is an agreement between two or more persons upon sufficient consideration to do, or not to do, a particular thing.

*Adkins and Company vs. Campbell*, 6  *Pennewill* 96.

The particular contract in this case is evidenced by the letter from the plaintiff to the defendant, dated the twenty-seventh day of June, A. D. 1906, and it is in evidence before you. It reads as follows:

Charge.

"Mr. C. R. Layton,
        Treasury Department,
              Washington, D. C.
"Dear Sir:—

We have entered your order for the work at your house at Georgetown, Delaware, and will proceed with the construction at once and thank you for the order.

With regard to our proposition, we will guarantee a perfectly water-proof cellar, two feet, six inches from the present level of the floor.

We propose to remove the present floor line of the entire surface, extending around projection and up the exterior wall two feet, six inches, with felt properly covered with pitch, and on this we will lay four inches of concrete reinforced with expanded metal and 1 inch cement top troweled to a smooth finish.

> Yours truly,
> MERRITT & Co.
> Per W. Humphrey."

Other letters bearing upon the contract and this conroversy have been admitted in evidence, and they are before you.

It is a general rule (subject to certain exceptions) that a party cannot recover in an action upon a contract, without showing performance of his part of the contract.

*Massey, et al. vs. Greenabaum Bros.*, 5 *Pennewill* 20.

Where it appears that what was done by the plaintiff, was done under a special agreement, but not in the stipulated time and manner, and yet was beneficial to the defendant, and has been accepted and enjoyed by him, though the plaintiff cannot recover upon the contract from which he has departed, yet he may recover upon the common counts for the reasonable value of the benefit, which, upon the whole, the defendant has derived from what was done.

*Hurlock vs. Murphy and Coperthwaite*, 2 *Houst.* 550.

This Court said, in the case of *Porter vs. Beltzhoover*, 2 *Harr.*

Charge.

484: "When a special contract is declared on, and the plaintiff proves a special contract different from the one declared on, he cannot recover; but if he declares on a special contract and does not prove it, he cannot recover on it but he may recover on the *quantum meruit* count, as in the case of a carpenter building a house under a contract, but not according to the contract. He cannot recover under the contract, because he has not performed it; but he can recover on the *quantum meruit*, or he could not recover at all."

If you find that the plaintiff did complete the cellar in full compliance with the terms of its contract, your verdict should be for the plaintiff for the full amount of its claim. If, however, you should find that the plaintiff is not entitled to a recovery on the special contract, but is entitled to a recovery under the common count, as we have explained to you, you may in determining what is the reasonable value of the services rendered to the defendant, consider the compensation fixed by the contract together with any evidence bearing upon the question of the benefits which the defendant may have derived from what was done by the plaintiff.

When, as in this case, the work under a special contract was done in a cellar under the dwelling of the defendant, who was, at the time, the owner and occupier, the continued possession of the dwelling and use of the cellar will not of themselves necessarily amount to an acceptance of the work done. Whether the defendant has, at any time since the completion of the work, accepted the same, we leave to you as a question of fact to be determined from all the evidence before you bearing upon the question. If there was an acceptance by the defendant, the plaintiff is entitled to a recovery on the special contract.

With these instructions, it is now for you to say from all the evidence in this case, whether the defendant is indebted to the plaintiff, and if so, for what amount.

Your verdict should be for that party in whose favor the evidence preponderates.

Verdict, for defendant.