THOMAS STEAD, Respondent, v. J. E. MANHART, Appellant.

(185 N. W. 1009.)

**Judgment — where pleadings, judgment, etc., in defendant's former action**

against plaintiff were in evidence, oral testimony whether an item was in issue in the former action held admissible.

1. In an action to recover for goods and labor furnished, where a cropper recovered against his farm owner in a former action the goods and labor furnished by him, and the owner in this action recovered for his goods and his labor furnished to the cropper, and where, in each action, in the former, the owner, and, in the latter, the cropper, claimed an agreement to mutually offset their accounts for such goods and labor, which was disallowed by the jury upon the recovery allowed, it is *held*, for reasons stated in the opinion—

That the trial court properly received oral testimony concerning the presentation of a specific item for hauling lumber in the former action.

**Evidence — held that court properly took judicial notice of former case between the same parties.**

2. That the trial court properly took judicial notice of the former case upon being requested and upon electing so to do.

**Recovery — held not limited by recovery in former action.**

3. That the recovery of the owner in this action was not limited to the amount of the recovery of the cropper in the former action.

Opinion filed Dec. 2, 1921.

Action in District Court, Bottineau County, *Burr*, J. From an order denying a new trial the defendant has appealed.

Affirmed.

*W. H. Adams,* for appellant.

*W. J. Cooper,* for respondent.

BRONSON, J. This is an action upon an account for goods and labor furnished. The defendant has appealed from an order denying a new trial. The facts, necessary to be stated, are as follows: The plaintiff owned several quarters of land in Bottineau county. During the years 1912 to 1917, inclusive, he made farm contracts with the defendant, as cropper, to crop the lands upon shares. This action is brought to recover for hay and grain furnished by the owner to the cropper, and for the labor of such owner and his horses, rendered in connection with the farming of the lands. This is the second action between the parties. In the

fall of 1917, the cropper, the defendant herein, brought an action against the plaintiff herein, to recover the balance due for wheat, oats, and flax obtained by the owner from the cropper and for an amount paid for threshing, also for wheat, rye, board, horse feed, pasturing and wintering stock, painting, hauling lumber, breaking, and butter, all furnished by the cropper to the owner. In that action the plaintiff owner interposed a general denial. Pursuant to the trial of that action judgment was entered in December, 1919, for about $1,150, in favor of the cropper. This judgment apparently was paid to the cropper's attorney. Thereupon the plaintiff owner, in April, 1920, the cropper having removed to the state of Illinois, instituted garnishment proceedings against the cropper's attorney, as garnishee, and instituted this action. The attorney disclosed some $700 due the cropper. He appeared and interposed an answer setting up a general denial. At the trial, the owner offered evidence to the effect that the cropper, during the years 1915 to 1917, used certain hay, oats, and wheat of a certain value that belonged to the owner; that during such years he performed work and furnished horse teams, in connection with the cropper's farming operations, of a certain value; that there was no agreement to pay, but an understanding (oral) that anything he furnished the cropper, he would furnish back, such as in other articles; that any work he performed, the cropper would return in similar work, or its equivalent. The cropper offered evidence to the following effect: He minimized or denied the items of goods or labor furnished. That concerning the labor of the plaintiff or his teams he fully compensated therefor by work of the cropper performed for the owner in return, and pursuant to which settlement therefor was made. The plaintiff, in rebuttal, testified that since 1914 the work that the cropper had performed for him was the hauling of one load of lumber in 1915, and that he had made a charge for such item in the former action. Upon objection of the cropper to this testimony the trial court suggested the introduction of the files and records in the former action, and that the court be requested to take judicial notice thereof. Thereupon the plaintiff so offered and so requested. The cropper objected upon the ground that in the former action the cropper did not sue nor recover upon any items that were offset by what the owner had coming. That the items in such former action were additional. The trial court charged the jury that the cropper could not offset in this action any of the items upon

which he claimed the right of recovery in the former action. The jury returned a verdict for $650 in favor of the plaintiff.

It is the contention of the defendant cropper that the trial court erroneously received evidence concerning the item of a charge for hauling lumber in the former action, improperly took judicial notice of the proceedings in the former action, and erroneously charged the jury in that respect. It is also contended that the evidence is insufficient to sustain the verdict, for the reason that if it be assumed that the cropper's items recovered in the former action are the items he attempts to offset in this action, then the amount of the same did not exceed $410.65 in the former action, and, in this action, the recovery of the owner is $369.60 in excess thereof. That in accordance with the plaintiff's own testimony he can recover no more than the cropper recovered. We are of the opinion that the defendant's contentions cannot be sustained. The trial judge in denying the motion for a new trial filed an extensive memorandum opinion. He modified the verdict by striking therefrom an item of $50 and interest, concerning oats furnished, which he permitted the plaintiff to establish at the trial after amendment of its bill of particulars. He stated that in the former action the cropper sued for various items of labor and goods furnished (amounting to over $1,290 as alleged). The cropper secured a verdict for $1,119.05. That in the former action the owner admitted owing the cropper $708.40. That the owner in such action attempted to set up a counterclaim for his goods and services rendered, but it was disallowed through the objection of the cropper, because it was attempted to be asserted by way of amendment on the eve of the trial. That in such action the owner claimed that the goods and services rendered by one were to be offset by those rendered by the other. The jury, however, in such action did not find with the owner upon such claim, and allowed the cropper $400 above the amount admitted by the owner. That, in effect, the jury did not mutually offset the accounts of the parties. That what the cropper recovered in such action was not the difference between the two accounts of the parties. That the owner, excluded in the former action from asserting his claim, was not excluded from, or limited to, a recovery in this action of the amount only that the cropper had recovered in the former action. That the court did take judicial notice of the former case, because it became necessary so to do when the cropper in this case claimed an agreement to mutually offset the accounts. We are of the opinion that the trial court did not err. The

agreement to mutually offset accounts, not having been recognized as a matter of fact in the former action, is not now entitled to recognition as a matter of law.   The plaintiff in this action offered in evidence the pleadings, instructions of court, verdict and judgment in the former action.   The trial court properly received oral testimony concerning the item for hauling lumber, having been at issue and in the evidence of the former case.   23 Cyc. 1535, 1539.   The trial court properly took judicial notice of the former case to the extent that it did.   It was requested the court elect so to do.   § 7937, C. L. 1913; Amundson v. Wilson, 11 N. D. 193, 196, 91 N. W. 37.   The pleadings in the former action show that items for hauling lumber by the cropper were at issue.   There is evidence in this action that the specific item upon which the cropper sought to offset in this action was asserted and considered in the evidence of the former action.   It is well settled that a question of fact once at issue and tried in a former action may not be retried in a subsequent action between the same parties   15 R. C. L. 973; Horton v. Emerson, 30 N. D. 258, 152 N. W. 529; Kupfer v. McConville, post, 185 N. W. 1005.   The trial court properly submitted to the jury the question whether the cropper attempted to assert herein the same item litigated in the former action.

The order is affirmed, with costs.

BRONSON, CHRISTIANSON, and BIRDZELL, JJ., concur.   GRACE, C. J. concurs in the result.

ROBINSON, J., dissents.